FILED
2011 JUN -3 AM 8:03
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ O)
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MOHAMMAD H. GHARBI AND | § | CAUSE NO. A-11-CA-291 LY |
| FATEMEH GHARBI, | § | |
| DEBTORS. | § | |
| | § | |
| MOHAMMAD H. GHARBI, | § | |
| APPELLANT, | § | |
| | § | |
| V. | § | |
| | § | |
| CENTURY 21 REAL ESTATE LLC | § | |
| APPELLEE. | § | |

**MEMORANDUM OPINION AND ORDER**

This case is an appeal of a Judgement of the United States Bankruptcy Court for the Western District of Texas, Austin Division, in favor of Appellee Century 21 Real Estate LLC and against Appellant/Debtor Mohamad Gharbi, in the principal sum of $75,000, plus attorney's fees, for violations of 15 U.S.C. § 1125(d). Before the Court are Appellant's Brief filed April 26, 2011 (Doc. #6) and Appellee's Brief filed May 10, 2011 (Doc. #8). No record or statement of the issues has been filed in this appeal. On June 2, 2010, the Court entertained oral argument, at which only counsel for Appellee Century 21 Real Estate LLC appeared. Having carefully considered the briefs, argument of counsel, and applicable law, the Court concludes that the bankruptcy court's Judgment should be affirmed for the reasons to follow.

**I. Factual Background**

Beginning in 1999, Appellant/Debtor Mohammad Gharbi ("Gharbi") operated a real-estate business called "Capital Team" as a franchisee of Appellee Century 21 Real Estate LLC ("Century

21") pursuant to three Century 21 Real Estate Franchise Agreements ("Franchise Agreements"). One agreement was for a franchise located at 906 Chestnut, Bastrop, Texas; another was for a franchise located at 1600 S. Pleasant Ave., Austin, Texas; and a final agreement was for a franchise located at 8108 Mesa Drive, Austin, Texas. Section 11(c)(vii) of the Franchise Agreements gave Gharbi a limited right to use the Century 21 mark as long as the Franchise Agreements were fully performed. Section 17 of each of the Franchise Agreements gave Century 21 the right to terminate the License Agreements at any time. Section 18(c) of the Franchise Agreements specifies that in the case of termination, Gharbi must discontinue the use of all Century 21 marks.

In 2005, Gharbi failed to pay amounts due under the Franchise Agreements. A Termination Notice, dated October 28, 2005, notified Gharbi of the defaults and termination of his rights pursuant to the Franchise Agreements. The termination was effective as of October 26, 2005. After termination of the Franchise Agreements, Gharbi listed in his bankruptcy schedules ownership of the websites www.texascentury21.com and www.century21online.com. A third website, www.texasproperties.com/century21capitalteam was later discovered. Additionally, a fourth website, www.austinhomeland.com, displayed the Century 21 mark until at least July 13, 2006. Gharbi also left a Century 21 sign outside 1600 South Pleasant Valley, Austin, Texas, a piece of property listed as part of one of the Franchise Agreements.

On April 26, 2010, the bankruptcy court granted in part and denied in part Century 21's Motion for Summary Judgment. On August 26, 2010, the Court held a hearing on the remaining issues in the adversary proceeding, taking the following issues under advisement: (1) whether Gharbi violated 15 U.S.C. § 1125(d) and, if so (2) the amount of damages to be awarded and (3) whether the award will be held nondischargeable under 11 U.S.C. § 523(a)(6). By its March 3, 2011

Memorandum Opinion, the bankruptcy court granted Century 21's requested relief, finding three violations of section 1125(d) and awarding $25,000 per violation for a total of $75,000, which the bankruptcy court held nondischargeable under section 523(a)(6). The bankruptcy court signed the Judgment on March 8, 2011, which Gharbi has appealed to this Court for review.

## II. Standard of Review

On appeal, this Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *In re Scopac*, 624 F.3d 274-279-80 (5th Cir. 2010) (citing *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009)); *In re Amco Ins.*, 444 F.3d 690, 694 (5th Cir. 2006) (citing *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir.2001)).

## III. Analysis and Conclusion

Federal Rule of Bankruptcy Procedure 8006 requires appellants to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days of filing a notice of appeal. FED. R. BANKR. P. 8006. Rule 8006 further requires appellants to "provide to the clerk a copy of the items designated" and arrange for any transcripts to be delivered to the clerk, and instructs all parties to "take any other action necessary to enable the clerk to assemble and transmit the record." *Id.*

The purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal. *See In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000) (citing 10 *Collier on Bankruptcy* ¶ 8006.03[1] (15th ed. 2000)). The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts. *See id.* "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the

appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001(a).

Appellant Gharbi timely filed his notice of appeal and filed his brief in compliance with the Court's April 14, 2011 Order Setting Briefing Schedule and Oral Argument (Doc. #3). However, Gharbi failed to designate the record and file a statement of issues for presentation as required by Rule 8006, and he failed to appear for oral argument on June 2, 2011, after receiving proper notice of the hearing. Thus, it would be within the discretion of this Court to dismiss Gharbi's appeal if this Court deemed such dismissal necessary in light of the lack of a record and Gharbi's failure to appear at oral argument. *See In re CPDC Inc.*, 221 F.3d at 699.

Although " 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' "[1], *pro se* litigants are still required to provide sufficient facts in support of their claims. *See United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993). Gharbi filed a brief, asserting his basis for review. Thus, the Court will not dismiss his appeal on procedural grounds alone. However, even applying a liberal construction of Gharbi's pleadings afforded to him as a *pro se* litigant, Gharbi's failure to designate a record on appeal effectively "ties the hands" of the Court to consider Gharbi's issues on appeal due to the lack of evidence that might have been included in the missing record in this cause. Thus, the Court shall affirm the Judgment of the bankruptcy court and remand the cause for the bankruptcy court's determination on the issue of attorney's fees requested by Appellee Century 21 Real Estate, LLC.

---

[1] *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

**IT IS THEREFORE ORDERED** that the March 8, 2011 Judgment of the United States Bankruptcy Court for the Western District of Texas is **AFFIRMED.**

**IT IS FURTHER ORDERED** that this cause is **REMANDED** to the bankruptcy court for a determination on Plaintiff/Appellee Century 21 Real Estate LLC's application for attorney's fees.

**SIGNED** this ____ day of June, 2011.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE